SEMNAR & HARTMAN, LLP
Babak Semnar (SBN 224890)
bob@sandiegoconsumerattorneys.com
Jared M. Hartman, Esq. (SBN 254860)
jared@sandiegoconsumerattorneys.com
400 S. Melrose Dr., Suite 209
Vista, CA 92081
Telephone: (951) 293-4187; Fax: (888) 819-8230

Attorneys for Plaintiff
PEDRAM SHAROKHI

## U.S. DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRAM SHAROKHI, an individual,<br><br>        Plaintiff,<br><br>  vs.<br><br>WELLS FARGO BANK, a National Association;<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>   **1. CALIFORNIA ROSENTHAL ACT,**<br>   **2. TELEPHONE CONSUMER PROTECTION ACT** |

TO THE CLERK OF THE COURT, ALL PARTIES, AND THE HONORABLE U.S. DISTRICT COURT JUDGE:

    Plaintiff, an individual, by and through his attorneys of record, BABAK SEMNAR and JARED M. HARTMAN of SEMNAR & HARTMAN, LLP, hereby complain and alleges as follows:

## INTRODUCTION

    1.    Plaintiff, through his attorneys, brings this action to challenge the actions of Defendant WELLS FARGO BANK, N.A. (hereinafter "Defendant WF") for

unlawful harassment in connection with alleged debt collection activity, and for calling Plaintiff's wireless cellular telephone multiple times—without prior express consent and without emergency purpose—by utilizing an automatic telephone dialing system (ATDS).

2. The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such *automated* or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12 (emphasis added); *see also Martin v. Leading Edge Recovery Solutions, LLC*,

2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.   Congress also specifically found that "the evidence presented to the Congress indicates that *automated* or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744 (emphasis added.)

5.   As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

6.   In Calif. Civil Code § 1788.1(a)-(b), the California Legislature issued the following findings and purpose in creating the Rosenthal Fair Debt Collections Practices Act ("RFDCPA"):

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

///

///

(2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

7. Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION & VENUE

8. This action partially arises out of Defendant's violations of the Telephone Consumer Protection Act (TCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, (*Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012)); and the State of California RFDCPA, over which the U.S. District Court has supplemental jurisdiction 28 U.S.C. § 1367(a).

5. Because Defendant conducts business within the State of California by maintaining a registered agent for service of process at 2710 Gateway Oaks Drive, Suite 150N, in the City of Sacramento, personal jurisdiction is established.

6. Because all tortious conduct occurred while Plaintiff resided in the County of Los Angeles, and witnesses are located within those locations, venue properly lies in this court.

## PARTIES & DEFINITIONS

7. Plaintiff is a natural person.

8. Defendant WF regularly does business in the State of California and maintains an agent for service of process within the State of California.

9. Plaintiff, as a natural person, is a "person" as that term is defined by California Civil Code § 1788.2(g) of the Rosenthal Act.

10. Although Plaintiff was not obligated to pay a consumer debt to Defendant, he is considered an aggrieved party by Defendant's unlawful conduct and therefore has standing to bring suit despite not being a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act. *See Wright v Finance* Service (6th Cir. 1994) 22 F3d 647; *Hoffman v GC services* (East. Dist. Tenn. 2010) 2010 US Dist LEXIS 139509; *Isaac v RMB* (No. Dist. Alabama 2014) 2014 US Dist LEXIS 97543; *Davis v Midland* (East. Dist. Calif. 2014) 2014 US Dist LEXIS 109309.

11. Upon information and belief, Defendant issued a line of credit to an unidentified third-party, and the credit extended by Defendant constitutes a "consumer credit transaction", as that term is defined by California Civil Code § 1788.2(e) of the Rosenthal Act, because finances were provided in exchange for the third party re-paying Defendant the principal plus interest in the future.

12. Upon information and belief, the money allegedly owed was therefore both a "consumer debt" as that term is defined by California Civil Code § 1788.2(f) of the Rosenthal Act and a "debt" as that term is defined by California Civil Code § 1788.2(d) of the Rosenthal Act.

13. Defendant, in the ordinary course of business, regularly, and on behalf of

1  themselves, engages in the practice of collecting "consumer debts", and thereby

2  engages in "debt collection" as that term is defined by California Civil Code section

3  1788.2(b) of the Rosenthal Act.

4      14. Because Defendant engages in "debt collection", Defendant is therefore a

5  "debt collector" as that term is defined by California Civil Code section 1788.2(c) of

6  the Rosenthal Act.

7      15. With regards to the TCPA cause of action, Plaintiff is, and at all times

8  mentioned herein was, a citizen and resident of the State of California, and therefore is

9  and was a "person" as defined by 47 U.S.C. § 153(39).

10      16. Defendant, is and at all times mentioned herein was, a corporation and is a

11  "person," as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

13      17. Plaintiff previously filed suit in small claims court against Defendant in

14  February of 2015, as Defendant had been calling Plaintiff's wireless cellular telephone

15  number looking for someone named "Mike Sarkissian" in order to collect a debt from

16  Sarkissian.

17      18. Upon information and belief, Defendant was trying to contact Sarkissian to

18  collect upon a credit card debt that Defendant had previously issued to Sarkissian for

19  use in his personal life for household and everyday living expenses.

20      19. Plaintiff and Defendant reached a settlement of the small claims matter,

21  which settlement did not release Defendant from future conduct that might occur after

1  the date of execution of the settlement agreement.

2  20.     However, based upon Plaintiff's filing of suit in the small claims matter,
3  Defendant was clearly put on notice as to their error in calling Plaintiff's cellular
4  telephone for someone else.

5  21.     Because Plaintiff is not Sarkissian, Plaintiff therefore has never given prior
6  express consent to Defendant to be contacted on his cellular telephone regarding the
7  Sarkissian debt.

8  22.     After dismissing the small claims matter, however, Defendant has since
9  placed at least 20 calls to Plaintiff's wireless cellular telephone in further efforts to
10 reach Sarkissian.

11 23.     The calls placed to Plaintiff's wireless cellular telephone by Defendant
12 were done with an automatic telephone dialing system ("ATDS"), in addition to pre-
13 recorded and/or artificial voice messages.

14 24.     Every call placed to Plaintiff's cellular telephone resulted in him hearing a
15 pre-recorded and/or artificial voice message asking for Sarkissian, which has given
16 information and belief that Defendant's calls to his cellular telephone were placed with
17 an ATDS.

18 25.     An ATDS is equipment that has the capacity to store or produce telephone
19 numbers to be called, using a random or sequential number generator, and utilizes such
20 equipment to dial such numbers, as defined in 47 U.S.C. § 227(a)(1)(A)-(B).
21 Automatic telephone dialing systems place calls without human intervention until a

1 connection is made with a person on the receiving end of the call, at which time the

2 dialers attempt to connect the recipient with a live agent of the debt collector.

3     26. The calls to Plaintiff's cellular telephone were not for emergency purposes,

4 as they were intended solely for debt collection activity.

5     27. As a result of Defendant's harassing phone calls for the wrong person,

6 Plaintiff has suffered mental anguish by way of anxiety, anger, loss of sleep, and

7 feelings of despair.

8     28. The calls are on-going, and persist even to this day.

**FIRST CAUSE OF ACTION**
**CALIF. ROSENTHAL ACT**
**CALIF. CIV. CODE §§ 1788-1788.32**

11     29. Plaintiff repeats, re-alleges, and incorporates by reference all other

12 paragraphs, as if fully set forth herein.

13     30. By repeatedly calling Plaintiff despite him clearly informing Defendant

14 that it is calling the wrong person, Defendant has engaged in engaged in unfair and

15 unconscionable means in an attempt to collect a debt in violation of 15 U.S.C. § 1692f

16 of the Federal FDCPA; has communicated with him more than once in violation of 15

17 U.S.C. § 1692b(3) of the Federal FDCPA; and has engaged in conduct the natural

18 consequence of which is to harass, oppress, or abuse any person in connection with the

19 collection of a debt in violation of 15 U.S.C. § 1692d of the FDCPA. These violations

20 of the FDCPA constitute violations of the RFDCPA as they have been incorporated

21 therein by Calif. Civ. Code § 1788.17.

31. As a result of these violations, Plaintiff has suffered mental anguish as described in the factual allegations above.

## SECOND CAUSE OF ACTION
### (TCPA)
### 47 U.S.C. § 227(b)

32. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

33. Defendant violated 47 U.S.C. 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to call Plaintiff's cellular phone at least 20 times after the small claims matter was settled and dismissed, and the calls were therefore without Plaintiff's prior express consent and as debt collection attempts the calls were not for emergency purposes.

34. Upon information and belief, these violations of the TCPA were knowing and willful because Defendant has been the subject of previous small claims lawsuits by Plaintiff regarding its TCPA phone calls.

35. As a result of these violations, Plaintiff has suffered mental anguish as described in the factual allegations above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

**As to the First Cause of Action (Calif. RFDCPA):**

1. An award of actual damages pursuant to California Civil Code section

1788.30(a), as will be proven at trial; plus

2. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) for willful and knowing violations, which is cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32; plus

3. An additional award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated into the Rosenthal Act via Calif. Civ. Code §1788.17, which is cumulative and in addition to all other remedies pursuant to California Civil Code § 1788.32; plus

4. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code section 1788.30(c).

**As to the Second Cause of Action (TCPA):**

1. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

2. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

3. Actual damages, as will be proven at trial, should they be in an amount greater than the statutory damages as specific above;

///

///

4. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

Respectfully Submitted,

DATED: 06/22/2015         /s/ Jared M. Hartman, Esq.
                          JARED M. HARTMAN, ESQ.
                          Attorney for Plaintiff,

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted,

DATED: 06/22/2015         /s/ Jared M. Hartman, Esq.
                          JARED M. HARTMAN, ESQ.
                          Attorney for Plaintiff,

**Complaint for Damages**